# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN WASHINGTON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ARTHUR ALMAZAN, et al.<br><br>　　　　　　Defendants. | CASE NO. 08-CV-0615-H (RBB)<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE FOR IMPROPER VENUE |

Plaintiff Allen Washington ("Plaintiff"), proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. (Doc. Nos. 1-2.) For the reasons set forth below, the Court dismisses this action without prejudice due to improper venue.

### Venue

A civil case not based solely on diversity of citizenship "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The Court may raise the issue of venue sua sponte when the defendant has not yet responded and the time for doing so has not yet run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

1  　　　The Court concludes that venue is improper in this district based on the facts
2  alleged. Plaintiff indicates that he is a homeless street vendor, though he provides an
3  address through which he may be reached in Lynwood, CA, located in the Central
4  District. Plaintiff brings this complaint against his parole agent, his parole unit
5  supervisor, other unidentified members of the same parole office, an appeal processor
6  agent with the Department of Correction, the Director of the California Department of
7  Correction, and the Governor of California. According to the Complaint, the parole
8  officers and supervisor are located at a parole office in Los Angeles. The Complaint
9  also alleges that the appeal processor agent is located in Los Angeles. The Court takes
10 judicial notice of the fact that the Director of the CDC and Governor do not reside in
11 this district. Furthermore, all of the alleged acts and omissions appear to have taken
12 place in or around Los Angeles, which is part of the Central District. In summary,
13 under the facts alleged, venue is not proper under any of the provisions of 28 U.S.C. §
14 1391(b). Venue appears to be instead proper in the United States District Court for the
15 Central District of California.
16 　　　Title 28 U.S.C. § 1406(a) states that where a case is filed in the wrong division
17 or district the court may either dismiss the case or transfer "if it be in the interest of
18 justice." The Court concludes that dismissal is the correct remedy here. Significant
19 portions of Plaintiff's complaint do not appear to state a claim for which relief can be
20 granted. Plaintiff alleges misconduct related to the administration of his parole, seeking
21 damages of $3 million and injunctive relief. State parole officials may be immune from
22 an action for damages, including absolute immunity for certain quasi-judicial functions.
23 See, e.g., Swift v. California, 384 F.3d 1184 (9th Cir. 2004) (discussing extent of
24 absolute and qualified immunity of parole officials). The Court has not conducted a
25 comprehensive screening of the complaint under 28 U.S.C. § 1915(e)(2) at this time,
26 since venue is lacking, but the potential immunity of parole officials favors dismissal
27 rather than transfer under 28 U.S.C. § 1406(a). See Costlow 790 F.2d at 1488 (whether
28 to dismiss or transfer is a matter of the trial court's discretion). Transfer is not required

in the interest of justice.

## Motion to Proceed In Forma Pauperis

Having dismissed the Complaint for improper venue, the Court concludes that the motion to proceed in forma pauperis is moot. The Court denies the motion without prejudice.

## Conclusion

For the reasons explained above, the Court dismisses this action in its entirety without prejudice due to improper venue. The Court denies the motion to proceed in forma pauperis without prejudice. Plaintiff may seek to refile his complaint in an alternate venue, such as the Central District of California. Alternatively, if Plaintiff wishes to amend his complaint to demonstrate that venue is proper in this district, he may file an amended complaint within **45 days** of the date this order is signed. If Plaintiff files an amended complaint with this court, he may bring a new motion to proceed in forma pauperis at that time.

IT IS SO ORDERED.

DATED: April 8, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

Allen Washington
c/o
Hope Family Home
12023 Gertrude Dr.
Lynwood, CA 90262
Attn: December Diefear